**FEDERAL DEPOSIT INSURANCE CORPORATION, in Its Corporate Capacity, Plaintiff,**

v.

**O'HARA'S, INC., a Mississippi Corporation, and Sam Dunlap, Individually and as the Officer or Director of O'Hara's, Inc., a Mississippi Corporation, Defendants.**

Civ. A. No. EC 88–42–D–D.

United States District Court,
N.D. Mississippi, E.D.

April 21, 1989.

Thomas C. Gerity, Watkins & Eager, Jackson, Miss., for plaintiff.

Dewitt T. Hicks, Jr., Gholson, Hicks & Nichols, Columbus, Miss., and Jason N. McNeel, Louisville, Miss., for defendants.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

On April 21, 1987, Jean Porter, Mississippi Commissioner of Banking and Consumer Finance, closed the Bank of North Mississippi ("Bank"). The Federal Deposit Insurance Corporation ("FDIC") was appointed as the Receiver for the Bank on April 22, 1987, by order of the Chancery Court for the First Judicial District of Yalobusha County, Mississippi. Thereafter, the FDIC in its corporate capacity, purchased from the FDIC as Receiver, certain assets of the Bank, including a promissory note in the amount of $75,000, executed by defendant Sam Dunlap on behalf of defendant O'Hara's, Inc., and allegedly endorsed by defendant Dunlap as a guarantor or surety. Defendant Dunlap filed a counterclaim; the FDIC now moves for dismissal or for summary judgment on defendant's counterclaim.

### Jurisdiction

Plaintiff/counterdefendant FDIC asserts a multitude of defenses in support of its motion to dismiss or for summary judgment against defendant's counterclaim. First, the FDIC claims the protection of its own dual capacity with respect to insured state banks. This dichotomy—between the FDIC and its capacity as Receiver of the failed bank, and the FDIC in its corporate capacity, as purchaser of certain assets and liabilities of the Bank—leads to several separate defenses. First, the FDIC claims that this court lacks jurisdiction over defendant's counterclaims as against FDIC as Receiver.

It is not clear whether defendant seeks to interject his counterclaim against the FDIC in its corporate capacity or its capacity as Receiver, or both. The FDIC in its corporate capacity was the intervenor in the original claim; the counterclaim itself does not expressly purport to add the FDIC as Receiver to the action as a third party defendant. Yet the defendant and, except for a brief statement to the effect that the Receiver is not a party to the action, the plaintiff as well both argue the motion from the standpoint that the Receiver is before the court. The FDIC in this action has defended the position of the FDIC as Receiver, both in objecting to the addition of the counterclaim and in the instant motion to dismiss or for summary judgment. In no event, however, does this court have jurisdiction over the claim against the FDIC as Receiver, as "only the rights or obligations of depositors, creditors, stockholders and such State bank under State law" are advanced in defendant's counterclaim. 12 U.S.C. § 1819; *see also FDIC v. Sumner Financial Corp.*, 602 F.2d 670, 674 (5th Cir.1979).

The statute which allows the FDIC "to sue and to be sued" specifies that all civil suits

> To which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; ... except that any such suit to which the Corporation is a party in its capacity as Receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1819 (Fourth).

■ In this circuit, that exception has been held to exclude the FDIC as Receiver from this exercise of subject matter jurisdiction by federal courts under theories of diversity jurisdiction, 28 U.S.C. § 1332, and agency jurisdiction, 28 U.S.C. § 1345, as

well as federal question jurisdiction, 28 U.S.C. § 1331, which is expressly excluded in Section 1819 (Fourth). *FDIC v. Sumner Financial Corp.,* 602 F.2d 670 (5th Cir. 1979). The defendant however seeks to invoke this court's ancillary or pendent jurisdiction. The Fifth Circuit has given a strong indication, in *Sumner Financial,* that federal courts may exercise pendent jurisdiction over state law claims involving the FDIC as Receiver, and involving only the rights or obligations of depositors, creditors, stockholders and the failed state bank despite the limitation found in 12 U.S.C. § 1819 (Fourth). In *Sumner Financial,* the FDIC filed a complaint involving three claims; Counts I and II were brought in its capacity as Receiver, and Count III in its corporate capacity. The Fifth Circuit upheld the district court's dismissal of Counts I and II for lack of subject matter jurisdiction. The circuit court held, as noted above, that 12 U.S.C. § 1819 (Fourth) excluded such jurisdiction on federal question grounds, and also on grounds of diversity and agency jurisdiction. The court, significantly, did not include ancillary and pendent jurisdiction in its denial of diversity and agency jurisdiction, but rather denied the FDIC's pendent jurisdiction argument because Count III, upon which Counts I and II were to depend, was itself insubstantial.[1]

However counter intuitive a result it may be, the FDIC as Receiver is a distinct party from the FDIC in its corporate capacity. *FDIC v. Merchants National Bank of Mobile,* 725 F.2d 634, 638 (11th Cir.1984); the FDIC as Receiver is not a party to the plaintiff's original claim. The doctrine of pendent party jurisdiction is of no avail to the counterclaimant. Justice Rehnquist in *Aldinger v. Howard,* 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276, 289 (1976), stated:

> If the new party sought to be joined is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state law claim. Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Art. III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.

In *Aldinger,* the court denied pendent party jurisdiction over a state law claim against a county in a suit brought under the jurisdictional grant of 28 U.S.C. § 1343(3), wherein Congress expressly excluded counties from Section 1983 liability. In the instant case, pendent party jurisdiction would not be allowed on defendant's counterclaim against the FDIC as Receiver, as the statutory basis of jurisdiction upon which defendant seeks to hang his pendent claim excludes the FDIC as Receiver from the jurisdiction of the court, on claims which, as here, involve "only the rights or obligations of depositors, creditors, stockholders and such State bank under State law." 12 U.S.C. § 1819; *FDIC v. Sumner Financial Corp.,* 602 F.2d at 674–78; *cf. FDIC v. LaRambla Shopping Center,* 791 F.2d 215 (1st Cir.1986). Nor, given the similar considerations between the two, would the distinctions between pendent and ancillary jurisdiction be great enough to modify this rule.

### Claims Against the Corporation

■ Defendant's counterclaim is not particularly clear, but appears to rest on several distinct claims. Defendant asserts that, in response to the possibility of legal action against the Bank and Pryor Spencer Bailey, III, an officer of the Bank, arising out of a separate matter, the Bank through its president offered defendant Dunlap a one-third interest in a parcel of land. Thereafter, the Bank, again through Bailey, accepted a lien on that property as collateral for a $75,000 loan from the Bank. The Bank brought the instant action in the Circuit Court of Winston County, Mississippi. After its assumption of defendant's note

---

1. The court held first that, though the contours of the FDIC's precise claims were unclear, the two most likely meanings of Count III involved claims which the FDIC as a subrogee could not assert, and further that the FDIC was not subrogated to those claims as it had not, at the time of filing its suit, paid those claimants, and thus lacked standing.

from the Receiver, the FDIC in its corporate capacity intervened in the instant action and removed it to this court. The defendants herein brought a separate action in the Circuit Court of Winston County, against Pryor Spencer Bailey, III and the Bank of North Mississippi, and sought consolidation with the case brought by the Bank. The FDIC, this time as Receiver, intervened and was subsequently dismissed from that action; the court held that, pursuant to Miss.Code Ann. §§ 81–9–23 and 81–9–31, that the claim against the FDIC as Receiver must be brought, if at all, in the Receiver action, then before the Chancery Court of the First Judicial District of Yalobusha County, Mississippi. The claims defendant brings now in his counterclaim are substantially similar to those claims raised in defendant's action in State court. Defendant's counterclaims are as follows: 1) that the Bank and Pryor Spencer Bailey, III, its agent, attempted to defeat defendant's earlier cause of action. The defendant apparently incorporates a fraud theory into this claim; 2) that the Bank and Bailey, "tortiously interfered with the management of O'Hara's, Inc. in an obvious attempt to cause the failure of O'Hara's, Inc.;" 3) that the Bank, and through it the FDIC, are liable for the judgment had against Pryor Spencer Bailey, III in State court, on the theory of *respondeat superior;* 4) that the loan was and is void as a result of the fraud practiced by the Bank and Pryor Spencer Bailey, III. The FDIC claims that defendant's counterclaims are such as could only be brought against the FDIC in its capacity as Receiver, and not in its corporate capacity. In support of this contention, plaintiff cites the decision of the Circuit Court of Yalobusha County, dismissing the FDIC from the action. The order relied upon does not go so far.[2] The FDIC as Receiver—and not in its corporate capacity—was a party to that action. The order dismissing the cause refers to the Chancery Court action as "the exclusive remedy against the FDIC, as Receiver for Bank of North Mississippi...."

The FDIC also cites this court to the case of *FDIC v. LaRambla Shopping Center,* 791 F.2d at 220; the court finds no support therein for plaintiff's contention. Miss. Code Ann. § 81–9–29, which grants authority to the Receiver of a failed bank to sell the assets of the bank, states that "such conveyances shall have the effect of a quitclaim of all the right, title and interest of the Receiver, and the purchaser shall not be charged with any duty or responsibility in regard to the application by the Receiver of the purchase money." It appears that, as to the assets or liabilities actually assumed, the purchaser is granted only such title as is held by the Receiver. Except as otherwise expressly provided, the purchaser is subject to all defenses available against the Bank where they have notice thereof. 9 C.J.S. *Banks and Banking* § 516.

■ As to the defendant's counterclaim of fraud, the plaintiff asserts as a defense 12 U.S.C. § 1823(e) which states:

No agreement which tends to diminish or defeat the right, title, or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing (2) shall have been executed by the bank or the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the assets by the bank, (3) shall have been approved by the Board of Directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

This statute clearly bars the defendant's counterclaim based on transactions and promises other than the promissory note itself; only defendant's claim of fraud is arguably beyond the scope of Section

---

2. The court finds it unnecessary, given its disposition of this matter, to consider plaintiff's argument on *res judicata* and collateral estoppel grounds.

1823(e).[3] In *Planter's Trust and Savings Bank v. Langley*, 615 F.Supp. 751 (W.D.La. 1985), *aff'd sub nom.; FDIC v. Langley*, 792 F.2d 541 (5th Cir.1986), *aff'd* 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987), the court held that the defense of fraud in the inducement, which would, if proven, make the note sued upon voidable, is barred by Section 1823(e) if the "agreement" does not comply with the four requirements of that section. The court did not reach the question of "fraud in the factum." *Id., distinguishing Gunter v. Hutcheson*, 674 F.2d 862 (11th Cir.1982). The Fifth Circuit also carefully left that question open. *Langley*, 792 F.2d at 546 n. 5. The FDIC in oral argument before the Supreme Court in *Langley*, conceded that fraud in the factum would be outside the scope of Section 1823(e), as such fraud would make the instrument sued upon void rather than merely voidable. *Id.* at ——, 108 S.Ct. at 401–03.[4]

■ In the instant action, defendant alleges that the Bank, through its agent, Mr. Bailey, purported to transfer to defendant an interest in real property, when in fact the Bank had no interest it could transfer, and either knew or should have known that it had no transferable interest; defendant also claims that he, Sam Dunlap, thereafter attempted to use that property as collateral for a $75,000 loan to defendant O'Hara's, Inc., on which he acted as guarantor. The fraud alleged by defendant clearly does not reach the level of fraud in the factum; such would require "the sort of fraud that procures a party's signature to an instru-

ment without knowledge of its true nature or contents." *Langley*, at ——, 108 S.Ct. at 402. In *Langley*, the plaintiff alleged that the bank's misrepresentation regarding acreage and a mineral interest in real property, the transfer of which formed the consideration for the execution of the note, could not be considered fraud in the factum. *Id. Langley* thus involved a much closer relation between the note and the alleged fraud than that presented by the instant case. The court holds that defendant's allegations of fraud describe fraud in the inducement and as such are within the scope of 12 U.S.C. § 1823(e). It is unquestionable that the fraud allegedly practiced by the bank and its agent does not satisfy the requirements of Section 1823(e); the defendant's counterclaim against the FDIC in its corporate capacity is therefore barred.

## CONCLUSIONS

None of the claims which defendant Dunlap asserts in his counterclaim remain; the plaintiff's thicket of technical defenses has proven effective. This court lacks jurisdiction over defendant's counterclaims as against the FDIC in its capacity as Receiver. Of the counterclaims, only defendant's claim of fraud on the instrument may even arguably be brought against the FDIC; that final claim fails in the face of *Langley, supra*. The court is led ineluctably to the conclusion that plaintiff's motion to dismiss defendant's counterclaim or for summary judgment thereon should be granted. An

---

**3.** Alternatively, it should also be noted, however, that the purchaser may assume certain liabilities of the Bank, in partial payment for the purchase of assets. Miss.Code Ann. § 81–9–27. The purchaser does not automatically assume all liabilities of the Bank. There is no indication before the court that the FDIC in its corporate capacity assumed the liabilities alleged in the counterclaim. Indeed, while the FDIC in its corporate capacity intervened in the present suit, it was the FDIC in its capacity as Receiver which intervened in the defendant's claim against the Bank. *But see FDIC v. LaRambla Shopping Center*, 791 F.2d at 217. (Corporation generally takes assets and liabilities too risky for other banks). It has been asserted that pre-existing liquidated claims, upon which the debtor would have had a right of set-off, may be set off after assignment. 9 C.J.S. *Banks*

*and Banking* § 517(c). The court need not reach that determination, as none of defendant's claims against the Bank, except the claim of fraud, were liquidated. Thus, on the record before the court, while the defense of fraud may be brought against the FDIC in its corporate capacity as assignee of the failed bank, the unliquidated independent claims may be brought only against the FDIC as Receiver unless assumed by the purchaser. *Cf. Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987).

**4.** The court also held that the FDIC's knowledge of the claim through pleadings in litigation pending against the Bank at the time of the closing is irrelevant. *Id.*

order in conformity herewith shall be issued.